**CORRECTED**

# In the United States Court of Federal Claims

No. 24-1175

Filed: September 25, 2024

|  |  |
|---|---|
| RONALD MARCUM, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

**ORDER**

On July 31, 2024, *pro se* plaintiff, Mr. Ronald Marcum ("Mr. Marcum"), brought suit in this Court against several judges presiding over other federal courts alleging they are "fraudulent acting criminals operating under foreign owned corporate government."[1] *See* Complaint at 1, ECF No. 1 [hereinafter Compl.] at 1. Mr. Marcum also alleges that he has been kidnapped by officers of the State of Arkansas and wrongfully denied certain documents[2] in connection to a Freedom of Information Act ("FOIA") request. *Id.* at 1–2. Mr. Marcum seems to mount these claims as a deprivation of his rights under color of law in violation of 18 U.S.C. § 242 and a conspiracy against his rights in violation of 18 U.S.C § 241. *Id.* Mr. Marcum seeks release of these documents as well as "$1 billion in lawful money gold" as relief. *Id.* at 3.

On August 8, 2024, believing it lacks subject-matter jurisdiction over his claims, the Court ordered Mr. Marcum to show cause as to why his case should not be dismissed pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") on or before September 30, 2024. *See* Order to Show Cause, ECF No. 5. On September 9, 2024, Mr. Marcum submitted a letter to the Court which was construed and then filed as his response to the Order to Show Cause. *See* Plaintiff's Response to Order to Show Cause, ECF No. 12 [hereinafter Pl.'s Resp.]. Therein, Mr. Marcum merely lists additional allegations, almost identical to those plead in his

---

[1] To the extent that the complaint may be construed to include any allegations of judicial misconduct, this Court, pursuant to Rule 11(c)(1)(F) of the Rules for Judicial-Conduct and Judicial-Disability Proceedings, would still lack jurisdiction of such claims. *See, e.g. Stewart v. United States*, 166 Fed. Cl. 723, 726 (2023) (dismissing plaintiff's claims of judicial misconduct for lack of subject-matter jurisdiction).

[2] The Court understands this documentation to include certain legal documents in connection with prior civil and/or criminal cases involving Mr. Marcum, lawful oaths of office of certain government employees, and liability insurance policy information. *See* Compl. at 1; Plaintiff's Response to Order to Show Cause at 2.

1

complaint, instead of explaining how his claims invoke this Court's jurisdiction. *See generally* Pl.'s Resp.

The Court's subject-matter jurisdiction is primarily defined by the Tucker Act, which authorizes the Court to entertain certain categories of claims "*against the United States*"— namely, claims "founded . . . upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis added). The Court "must dismiss [an] action" over which it lacks subject-matter jurisdiction. R. Ct. Fed. Cl. 12(h)(3). Plaintiff bears the burden of demonstrating that the Court has jurisdiction over his claims. *See Reynolds v. Army & Air Force Exchange Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Although *pro se* plaintiffs are given "leeway on procedural matters, such as pleading requirements," *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007), this leniency does not lessen the plaintiff's jurisdictional burden, *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Court *sua sponte* concludes that Mr. Marcum's allegations are not within its subject-matter jurisdiction for three reasons.

First, the Court does not have jurisdiction to adjudicate any claims under the federal criminal code. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (dismissing plaintiff's claims of alleged violations of Title 18 of the criminal code). Mr. Marcum seems to allege that certain acts by the State of Arkansas and government employees amount to a deprivation of his rights in violation of 18 U.S.C. §§ 241 and 242 which are federal criminal statutes. *See* Compl. at 2; *see also* Pl.'s Resp. at 3–4, 7. Nor are these criminal claims within the Court's jurisdiction as these statutes are not money-mandating sources of relief against the United States. *See Harris v. United States*, 686 F. App'x 895, 899 (Fed. Cir. 2017) (unpublished) (noting that the Court of Federal Claim's correctly held that it did not have jurisdiction over plaintiff's claims under 18 U.S.C. § 242 on the ground that the statute does not mandate money damages); *see also Jones v. United States*, 655 F. App'x 839, 840–41 (Fed. Cir. 2016) (unpublished) (affirming the Court of Federal Claim's dismissal of claims under 18 U.S.C. §§ 241 and 242 for lack of subject-matter jurisdiction).

Second, the Court does not have jurisdiction to adjudicate Mr. Marcum's civil claims under the Freedom of Information Act, 5 U.S.C. § 552, as the federal district courts have exclusive jurisdiction over such matters. *See Treece v. United States*, 96 Fed. Cl. 226, 232 (2010). In his show cause response, Mr. Marcum alleges that the denial of his FOIA requests confers this Court jurisdiction and cites to 5 U.S.C. § 552. *See* Pl.'s Resp. at 4. Accordingly, the Court lacks jurisdiction over these claims.

Finally, as to Mr. Marcum's kidnapping claims, the Court does not have jurisdiction over such claims as it lacks jurisdiction over claims sounding in tort. *See* 28 U.S.C. § 1491(a)(1); *see also Bey v. United States*, No. 22-1221, 2023 WL 2365708, at *1–2 (Fed. Cl. Mar. 6, 2023) (dismissing plaintiff's kidnapping claims against the State of Minnesota as such claims sound in tort). To the extent that Mr. Marcum's kidnapping claims assert that the State of Arkansas violated federal law, the Court still does not have jurisdiction over such claims as previously

discussed.  *See Jiron v. United States*, 118 Fed. Cl. 190, 201 (2014).  Moreover, Mr. Marcum's kidnapping claims are alleged against state—not federal— officials which are therefore not claims *against the United States* and thus, not subject to the Court's jurisdiction.  *See* 28 U.S.C. § 1491(a)(1).

      For the reasons set forth above, plaintiff's Complaint is **DISMISSED**, *sua sponte*, pursuant to RCFC 12(h)(3). The Clerk of Court is directed to enter judgment accordingly.

      **IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge